**E-Filed 12/18/06**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| RICARDA SORIA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>GLORIA HENRY, Warden,<br><br>　　　　　Respondent. | Case Number C 06-4074 JF<br><br>ORDER GRANTING MOTION TO DISMISS PETITION AS AN UNAUTHORIZED SECOND OR SUCCESSIVE PETITION<br><br>[re: doc. no. 11] |

　　　Respondent moves to dismiss the petition as untimely and as an unauthorized second or successive petition. The Court has considered the motion and opposition (Respondent elected not to file a reply), as well as the oral arguments presented at the hearing on December 15, 2006. For the reasons discussed below, the motion will be granted on the ground that the instant petition is an unauthorized second or successive petition.

## I. BACKGROUND

　　　Petitioner Ricarda Soria ("Soria") was charged with two counts of kidnaping and two counts of murder with special circumstances for the kidnapings and murders of Patty Geddling and Stacy Benjamin. On November 9, 1981, she entered a negotiated plea of no contest to a single charge of second degree murder in the San Mateo Superior Court. As part of her plea

agreement, she agreed to testify against her four male co-defendants, one of which was her boyfriend. Soria's plea was "open," without a guaranteed sentence. The written plea agreement, which Soria signed while represented by counsel, stated that the maximum penalty that she could receive was fifteen years to life in a state prison with a ten year minimum, unless she was committed to the California Youth Authority ("CYA"), in which case her sentence would be a maximum of seven years. The trial court was to hold a sentencing hearing and decide whether Soria would be sentenced to the CYA or to state prison.

Judge Thomas Jenkins held the sentencing hearing on April 7, 1983. Judge Jenkins discussed the differences in the amount of time that Soria would serve if sentenced to the CYA as opposed to state prison. As noted above, the maximum term for a sentence to the CYA was seven years. Judge Jenkins stated on the record that the maximum term for a sentence to state prison was fifteen years and that Soria would serve half that time, or seven and one-half years. Actually, at the time Soria was sentenced, California Penal Code § 190 required that a defendant convicted of second degree murder be sentenced to an indeterminate term of fifteen years to life. Additionally, the law required that a defendant so sentenced would not serve at 50% time, but rather at 33% time. Judge Jenkins subsequently provided a declaration stating that if he had understood that the sentence required for second degree murder was an indeterminate term of fifteen years to life, to be served at 33% time, it was "most probable" that he would have committed Soria to the CYA rather than to state prison.

First Round Of State Habeas Petitions

Soria asserts that she believed she would be released after fifteen years, and that it was only when she was not released that she realized she had a claim. She filed a petition for writ of habeas corpus in the San Mateo Superior Court on January 19, 2001. That petition, which asserted that Soria was denied the informed discretion of the sentencing court in violation of her due process rights, was denied on February 15, 2001. Soria filed a petition for writ of habeas corpus in the California Court of Appeal on September 18, 2001, which petition was denied on September 27, 2001. She filed a petition for writ of habeas corpus in the California Supreme Court on February 15, 2002. On May 14, 2003, the California Supreme Court issued an order to

show cause, directing the California Department of Corrections to show cause before the San Mateo Superior Court why Soria was not entitled to a new sentence because the trial court pronounced an unlawful and unauthorized sentence that must be corrected. The superior court held an evidentiary hearing on August 1, 2003, but ultimately determined that Soria was not entitled to a new sentencing hearing because the sentence she received was lawful and authorized.

### First Federal Habeas Petition

Soria filed a petition for writ of habeas corpus in this Court on February 14, 2002, alleging two claims: (1) a claim that her due process rights were violated by the sentencing judge's mistake as to the applicable law; and (2) a claim of ineffective assistance of trial counsel. Respondent moved to dismiss the petition as time-barred. Soria's counsel apparently abandoned her at that point, and no opposition to the motion was filed. This Court granted Respondent's motion on July 16, 2002 and entered judgment. That judgment was not appealed.

### Second Round Of State Habeas Petitions

Soria began a second round of state habeas petitions by filing another petition for writ of habeas corpus in the San Mateo Superior Court on June 10, 2004, which petition was denied as successive on July 21, 2004. She then filed a petition for writ of habeas corpus in the California Court of Appeal on September 30, 2004, which petition was summarily denied on October 29, 2004. She filed a petition for writ of habeas corpus in the California Supreme Court on May 13, 2005, which petition was summarily denied on April 19, 2006.

### Second Federal Habeas Petition

Soria filed the instant petition for writ of habeas corpus in the Eastern District of California on June 8, 2006, again challenging her sentence although this time framing the challenge as a claim that her plea agreement was violated. The case subsequently was transferred to this Court. Respondent moves to dismiss the instant petition as time-barred and as a second or successive petition.

## II. DISCUSSION

The Court addresses the latter challenge first, because if the instant petition is a second or

3

successive petition, this Court lacks jurisdiction over it absent authorization from the Ninth Circuit for the filing of a second or successive petition.

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). A claim presented in a second or successive petition under § 2254 that was presented in a prior habeas petition "shall be dismissed." 28 U.S.C. § 2244(b). A claim presented in a second or successive petition under § 2254 that was *not* presented in a prior habeas petition "shall be dismissed" unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). However, even with respect to claims that were not presented in a prior habeas petition and otherwise satisfy the above requirements, a petitioner may not file a second or successive petition under in this Court without first obtaining prior permission from a three-judge panel of the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3). As explained by the Supreme Court, this requirement:

> creates a "gatekeeping" mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.

*Felker v. Turpin*, 518 U.S. 651, 657 (1996); *see also Nevius v. McDaniel*, 104 F.3d 1120, 1121 (9th Cir. 1996) (discussing procedures for obtaining authorization to file second or successive petition from Ninth Circuit); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (holding that district court must dismiss second or successive petition unless court of appeal gave approval for its filing).

Case No. C 06-4074 JF
ORDER GRANTING MOTION TO DISMISS PETITION
(JFLC2)

1    Soria previously filed a federal habeas petition challenging her conviction and sentence,
2 which petition was dismissed as time-barred in 2002. A second habeas petition is not considered
3 "successive" if the initial habeas petition was dismissed for a technical or procedural reason
4 rather than on the merits. *Slack v. McDaniel*, 529 U.S. 473, 485-487 (2000) (holding that a
5 habeas petition filed after a prior habeas petition was dismissed without adjudication on the
6 merits for failure to exhaust state remedies was not a "second or successive petition"); *In re
7 Turner*, 101 F.3d 1323, 1323 (9th Cir. 1997) (same). There do not appear to be any Ninth Circuit
8 cases addressing directly whether a dismissal based upon the statute of limitations constitutes an
9 adjudication on the merits for purposes of determining whether a subsequent petition is
10 successive under the AEDPA. However, several cases from district courts within the Ninth
11 Circuit and from other circuits have held that dismissal of a petition as untimely is sufficient to
12 render a subsequent petition second or successive. *See, e.g.*, *Altman v. Benik*, 337 F.3d 764, 766
13 (7th Cir. 2003); *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) (holding that a denial
14 of a § 2255 petition as untimely under the AEDPA constitutes an adjudication on the merits for
15 successive purposes); *Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029 (C.D.Cal. 2003). This Court
16 finds the reasoning of these cases persuasive. Soria thus must seek an order from the Ninth
17 Circuit Court of Appeals authorizing this Court to consider a second petition.

18    Soria asserts that the instant petition is not second or successive because it raises a new
19 claim not raised in her earlier federal habeas petition, i.e., a claim that her plea agreement has
20 been violated. As noted above, even if Soria in fact does raise a new claim, she still must apply
21 to the Ninth Circuit before filing a second federal habeas petition challenging the same
22 conviction and sentence as were challenged in her prior federal habeas petition. *See* 28 U.S.C. §
23 2244(b)(3).

24    Soria also asserts that this Court erred in dismissing her earlier federal habeas petition as
25 time-barred. Soria asserts that her earlier federal habeas petition in fact was unexhausted and
26 should have been dismissed on that ground instead of on the ground of untimeliness. However,
27 because Soria did not appeal the dismissal of her earlier federal habeas petition, she cannot now
28 attack the validity of that dismissal absent a showing that the state prevented her from opposing

5

the dismissal. *See Henderson v. Lampert*, 396 F.3d 1049, 1054-55 (9th Cir. 2005).

This Court concludes that it lacks jurisdiction to consider the instant petition. Accordingly the petition will be dismissed without prejudice to Soria's filing a proper application for consideration of a second or successive petition in the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3).[1]

### III. ORDER

Respondent's motion to dismiss is GRANTED on the ground that the instant petition is an unauthorized second or successive petition.

DATED: 12/18/06

                                                JEREMY FOGEL
                                                United States District Judge

---

[1] Having concluded that it lacks jurisdiction over the instant petition, this Court need not address Respondent's argument that the petition additionally is time-barred. The Court notes, however, that the one-year limitations period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2244(d)(1)(D). If Soria did not discover the alleged sentencing error or violation of her plea agreement until the California Department of Corrections declined to release her fifteen years into her prison term, she may have a viable argument that her claim is not time-barred despite the fact that it was filed so long after her conviction became final.

1  Copies of Order served on:
2
3  Joseph Vincent Camarata     joseph@camaratalaw.com, parolelaw@sbcglobal.net
4  Glenn R. Pruden     glenn.pruden@doj.ca.gov, DocketingSFAWT@doj.ca.gov
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7

Case No. C 06-4074 JF
ORDER GRANTING MOTION TO DISMISS PETITION
(JFLC2)